```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

ROGER SHULER,                  }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    10-AR-1271-S
                               }
THE BOARD OF TRUSTEES OF THE   }
UNIVERSITY OF ALABAMA, et      }
al.,                           }
                               }
     Defendants.               }
```

## MEMORANDUM OPINION AND ORDER

While numerous motions were being orally argued on December 10, 2010, it is obvious that plaintiff, Roger Shuler ("Shuler"), already had in his briefcase, and was ready to pounce with, a purported "notice of amended complaint", and a purported "motion to strike and for sanctions", both of which were filed at 11:06 a.m., December 10, 2010, immediately after the court had listened to the parties and had indicated its positions with respect to the then pending motions.  Shuler was then and is still playing games, something about which he was admonished during oral argument. Shuler's papers filed on December 10, 2010, are hereby STRICKEN, both as inapposite and as frivolous.

The motion of defendant, The Board of Trustees of the University of Alabama ("the Board"), for leave to withdraw its answer is DENIED for the reasons articulated during oral argument. There is no prejudice to this court's jurisdiction over the Board's motion to dismiss that was filed a few seconds before its answer.

The motion to dismiss, as thereafter amended, will be treated as a Rule 56 motion. The answer may or may not ultimately have significance, depending on rulings upon the Rule 56 motion.

For the reasons explained during oral argument, the motion of defendant, City of Birmingham ("the City"), to dismiss will be granted by separate order.

Because the motions filed by the defendants, other than the City, suggest that they should alternatively be considered as motions for summary judgment, the court will treat them as motions for summary judgment, and DEEM them as such. Accordingly, if Shuler desires to respond to any motion for summary judgment filed by any defendant, he shall do so on or before **4:30 P.M., January 7, 2011**. If any said defendant desires to reply to any such response, they shall do so on or before **4:30 P.M., January 21, 2011**, or file a motion for additional reasonable time within which to reply. After any such reply, or after any such motion for extension is denied, or after any granted extension expires, whichever event first occurs, the Rule 56 motions will automatically come under submission without oral argument. **This countermands anything to the contrary contained in the uniform initial order**.

This order renders MOOT all other pending motions.

DONE this 13th day of December, 2010.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　WILLIAM M. ACKER, JR.
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE