IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROGER SHULER,     }
           }
  Plaintiff,    }
           }  CIVIL ACTION NO.
v.           }  10-AR-1271-S
           }
THE BOARD OF TRUSTEES OF THE }
UNIVERSITY OF ALABAMA, et  }
al.,          }
           }
  Defendants.   }

## MEMORANDUM OPINION

This opinion memorializes, incorporates, and expands upon what the court has said during oral hearings conducted on the various motions in the above-styled cause.  To the extent, if any, this opinion diverges from previous oral rulings, this opinion supercedes them.

Robert Shuler ("Shuler"), *pro se* plaintiff, sued his former employer, The Board of Trustees of the University of Alabama ("UAB"), Carol Garrison, individually and in her capacity as president of UAB, Shirley Salloway Kahn, individually and in her official UAB capacity, Dale Turnbough, individually and in her official UAB capacity, Pam Powell, individually and in her official UAB capacity, Gary Mans, individually and in his official UAB capacity, Cheryl E.H. Locke, individually and in her official UAB capacity, Anita Bonasera, individually and in her official UAB capacity (collectively, "UAB defendants"), the City of Birmingham ("the City", erroneously named as "the Birmingham Police

Department"), and "A", "B", and "C", purported fictitious defendants. Shuler presents or attempts to present a wide variety of overlapping and incongruent claims. On January 6, 2011, Shuler filed a motion for this court to recuse or to vacate its order of December 13, 2010, in which all Rule 12(b)(6) motions were converted into Rule 56 motions. He also filed a separate motion for discovery pursuant to Rule 56(d). The court denied the motion to recuse, and on January 21, 2011, heard all pending motions.

Shuler invokes Rule 56(d), F.R.Civ.P., which did not become effective until December 1, 2010. He insists on a right to conduct discovery before the court rules on defendants' pending dispositive motions. His invocation of Rule 56(d) confirms his belief that Rule 56, as it existed prior to December 1, 2010, is no longer applicable to this case, although the action was filed before December 1, 2010. Although the jurisprudence dealing with procedural rules that evolve while a case is pending is conflicting, this court will agree with Shuler, and will be guided by the provisions of Rule 56, as amended on December 1, 2010.

The court has dismissed the action as against the City. In Shuler's pending motion, he asks that the case be reinstated against the City, despite two dispositive facts admitted by him in open court: (1) that his only viable claim against the City is under a theory of state tort, namely, defamation; and (2) that he failed to file the verified claim with the City required by Ala.

Code §§ 11-47-23 and 11-47-192.  *See Garman v. Campbell County School District No. 1*, _____ F.3d ____, 2010 WL 5191359 (10th Cir. Dec. 23, 2010).  When Shuler admitted these facts in open court, the court could have dismissed the action against the City without prejudice, because there was no longer any jurisdiction over the City, but the court exercised its supplementary jurisdiction and proceeded to dismiss the action with prejudice.  Although the court has been somewhat successful in explaining to Shuler that he cannot proceed against the City under 42 U.S.C. § 1983, Shuler insists that the court had no right summarily to dismiss his claims against the City without first allowing him to explore the administrative exhaustion hurdles and any other matters he deems relevant to this pursuit of the City.  Not only does Shuler allege no facts to overcome Alabama's pre-filing requisites as to municipalities, but, even if he had done so, he has not alleged that the defamation was committed within the line and scope of the employment of some named agent or agents of the City.  His equally spurious claim against the City under 42 U.S.C. § 1985 will be discussed *infra*.

Rule 56(f)(3) authorizes a district court to grant summary judgment **on its own motion**, if it first points out undisputed and dispositive facts to the objecting party.  The court has done that in this case.  Shuler's tort claim against the City was, and still is, devoid of colorable merit.

The motions to dismiss filed pursuant to Rule 12(b)(6) by UAB

and the UAB defendants for failure to state a claim have, as previously stated, been converted into Rule 56 motions.  In other words, all said defendants can avail themselves both of the defenses they presented under 12(b)(6), and the defenses in which they rely upon undisputed and undisputable evidence that goes beyond the circumscriptions of Rule 12(b)(6).

Shuler offers no timely response or argument in opposition to UAB's and the UAB defendants' Rule 56 motions, that is, unless his invocation of Rule 56(d) constitutes a response.  For instance, he will not accept the fact that UAB, and the UAB defendants, sued in their official capacities, enjoy Eleventh Amendment immunity from his federal claims, and enjoy state sovereign immunity from his state law claims.

In theory, Shuler can proceed under 42 U.S.C. §§ 1983, 1985, and 1986 against the UAB defendants in their individual capacities. The court will state its opinion on this subject when it discusses another theory, qualified immunity.

Shuler also claims that he is the victim of **gender** discrimination in violation of Title VII.  Title VII is a possible theory of liability only against his former **employer**, UAB.  Not only has he offered nothing to support his bare conclusion that he is a victim of gender discrimination, but he did not exhaust his EEOC remedy before claiming gender discrimination in this court. Shuler's complaint against UAB, which is construed liberally in his

favor because of his *pro se* status, also claims **age** discrimination under the ADEA, but does not allege that his **age** was the "**but for**" reason for his discharge, and thus runs afoul of *Gross v. FBL Financial Services*, 557 U.S. ____, 129 S.Ct. 2343 (2009). Shuler offers no direct or circumstantial evidence to justify his claims of gender or of age discrimination. The mere facts that he is of the male gender and over forty (40) years of age do not open the courthouse door under Title VII or the ADEA. Shuler apparently has trouble deciding what the defendants' mal-motives were.

To the extent Shuler seeks damages against state entities for alleged **retaliation** based on violations of the First Amendment guarantee of freedom of speech, and/or the Fourteenth Amendment guarantee of due process, all brought under 42 U.S.C. §§ 1983, 1985, and 1986, said defendants enjoy Eleventh Amendment immunity that no amount of discovery can get around.

Although injunctive relief can be granted against a state official for a continuing federal constitutional violation, Shuler has been **terminated** by UAB. This court cannot retroactively enjoin a retaliatory act, and Shuler does not request the equitable remedy of reinstatement. Furthermore, the termination that constituted the alleged retaliatory act must itself have been in reaction to a constitutionally protected act, and Shuler's blogging on the job was not such a protected act. While he pursues every possible winding road, plus some, the court understands why he does not ask

5

the court to put him back to work with people for whom he has utter contempt.

The UAB defendants, sued in their individual capacities under §§ 1983, 1985, and 1986, interpose the specialized defense of qualified immunity. Shuler's allegations, taken as true, do not provide a basis for any of the individual defendants to know that what he or she did, or failed to do, in connection with the termination of Shuler (after determining that he had engaged in blogging at work after he had been warned not to do so) constituted a constitutional violation or violations and should have been recognized as such by a similarly situated person holding a supervisory position at an institution of higher learning. This court has looked for, but not found, any constitutional protection for an imagined right to blog on the job. Qualified immunity must be ruled upon at the earliest possible stage of a case in order to avoid subjecting public officials to unnecessary, and perhaps harassing, litigation. *See Castle v. Appalachian Technical College*, ____ F.3d ____, 2011 WL 240719 (11th Cir. 2011). As the Eleventh Circuit aptly points out in *Foy v. Holston*, 94 F.3d 1528, 1534 (11th Cir. 1996), "if objective observers cannot predict——at the time the official acts——whether the act was lawful or not, and the answer must await full adjudication in a district court years in the future, the official deserves immunity from liability for civil damages." The instant case, if allowed to proceed, would

reach its end "years in the future", if ever, but in any event, well after the undersigned has fully retired or died. Neither the freedom of speech protected by the First Amendment, nor the right to due process protected by the Fourteenth Amendment, includes the right indiscriminately to blog during work hours while using the employer's internet access.  The court has difficulty discovering whether Shuler is complaining of a denial of **procedural** due process under the Fourteenth Amendment, or of **substantive** due process, or of both.  On the papers before it, this court finds that Shuler was denied no federal constitutional right.  He has not denied that he conducted a private blogging operation while he was at his UAB desk, nor that any similarly situated bloggers were not disciplined by UAB after being caught.

The use of the word "conspiracy" (and the invocation of §§ 1985 and 1986) add nothing except to express Shuler's belief that all of the entities he sues are conspiring against him.  The use of the word "conspiracy" is analogous to use of the word "fraud". Both terms require specific descriptions of the overt act or acts complained of in order to meet pleading standards.

Shuler has said that if this court will only open the Rule 56(d) door, he will not only find evidence to justify his complaints against defendants, but will call for the addition of other defendants.  In an earlier purported amendment to his complaint, he sought to add, by name, each and all of the Trustees

7

of the Board, both in their individual and official capacities, Lisa Huggins, the attorney for UAB, John Daniel, individually and in his official capacity, and Dax Swatek, an attorney in private practice.  To allow Shuler to demand interrogatory answers from all defendants, and/or to require them, and other purported witnesses, to submit to deposition, would accomplish nothing.  It would not alter the undisputed substantive and procedural facts.  The defenses asserted, separately and in the aggregate, constitute an insurmountable bar to Shuler.  Not only has he failed to find a "smoking gun", but has found no judicially cognizable gun.

Redundantly, Shuler's complaint is fatally flawed under the glare of *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937 (2009).  The complaint is replete with speculative and conclusary allegations, and does not articulate any plausible theory of liability against any defendant.  The affidavit submitted by Shuler's wife, filed in an attempt to bolster Shuler's motion to set aside the order of December 13, 2010, contains fury but no sound.  In a transparent effort to meet the pleading standards of *Twombly* and *Iqbal*, Shuler has pretty much told his whole life story, with emphasis, of course, on his bad experiences as a UAB employee.  But, he still has not stated a viable claim against any defendant.  He has literally highlighted in yellow large portions of the material he has filed.  The court finds no more significance in the highlighted

8

portions than it does in the other portions.

The court has attempted to conduct civil conversation with Shuler as a *pro se* litigant.  Shuler is his own worst enemy.  He is **almost** as aggravating to the court as the court is to him.  It has been impossible for the court to communicate to him the impossibility of his position, much less to get him to accept it.  If Shuler had a good lawyer, the lawyer might get through to him.  But, Shuler obviously does not trust lawyers any more than he trusts courts.  He seems to enjoy being his own lawyer.  He has given his only client some bad advice.

Rule 56(d)(3) allows a district court to "issue any other appropriate order" after a non-movant has moved for discovery under Rule 56(d).  Shuler has not provided the court with the Rule 56(a) prefatory requirement of "specific reasons [he] cannot present facts essential to justify [his] opposition" to the Rule 56 motions.  Therefore, the "appropriate order" pursuant to Rule 56(d)(3), as this court sees it, is the grant of summary judgment.  Shuler is chomping at the bit to conduct a fishing expedition, but parties who have absolute defenses should not have to endure it.  Discovery here would be both futile and harassing.  Rule 56(f)(3) applies to UAB and the UAB defendants just as it did to the City when the action against it was dismissed.  The court has exhausted itself, as other judges have, in trying to explain to Shuler why he loses.  He will not take "No" for an answer.  This court is about

to say "No".

Shuler has accused this court of colluding with UAB and the UAB defendants.  Why he did not attempt to add the judge as a defendant is anybody's guess.  The court sincerely regrets that by ruling against Shuler, his opinion of the judicial system and of this particular judge, will be reinforced.

In a last-ditch effort to wave the olive branch and end this opinion on a non-controversial and soothing note, the court will not find Shuler's *pro se* complaint, and his pleadings, so frivolous as to call for the imposition of sanctions.  Although the defendants were prevailing parties, arguably entitled to attorneys' fees under 42 U.S.C. § 1988, Title VII, and/or the ADEA, the court will not entertain any post-judgment application for attorneys' fees or other sanctions.  With respect to sanctions and attorneys' fees questions, the court cannot, of course, speak for the Eleventh Circuit as to matters that occur there, while that court considers Shuler's inevitable appeal.

An appropriate separate order will be entered.

DONE this 28th day of January, 2011.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE